IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

---------------------------------------------------------------- X
U.S. EQUAL EMPLOYMENT OPPORTUNITY   :
COMMISSION,                         :
                                    :  CIVIL ACTION NO. 17-cv-02669
            Plaintiff,              :  **JURY DEMAND**
                                    :
      v.                            :  COMPLAINT
                                    :
AMERICAN QUEEN STEAMBOAT            :
COMPANY,                            :
                                    :
            Defendant.              :
---------------------------------------------------------------- X

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Carson Turner, who was adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission") alleges that Defendant American Queen Steamboat Company ("American Queen") violated Title VII by retaliating against Turner for opposing and reporting sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee.

1

## PARTIES

3.  Plaintiff, the United States Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, American Queen has continuously been a limited liability company formed in Delaware, with a principal office in Memphis, Tennessee, and doing business in, *inter alia*, the State of Tennessee and the City of Memphis. American Queen offers cruise voyages on the Mississippi, Ohio, Tennessee, and Cumberland Rivers. American Queen has continuously had at least 15 employees.

5.  At all relevant times, American Queen has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.  More than thirty days prior to the institution of this lawsuit, Turner filed a Charge of Discrimination with the Commission alleging violations of Title VII by American Queen.

7.  On May 23, 2017, the Commission issued to American Queen a Letter of Determination finding reasonable cause to believe that American Queen violated Title VII and inviting American Queen to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.  The Commission engaged in communications with American Queen to provide American Queen the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from American Queen a conciliation agreement acceptable to the Commission.

10. On June 12, 2017, the Commission issued to American Queen a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

12. Beginning on or about December 2014, American Queen engaged in unlawful employment practices, in violation of Section 704 of Title VII, 42 U.S.C. § 2000(e)-3, by retaliating against Turner for his opposition to and reporting of sexual harassment.

   a. In or around January 2012, American Queen hired Turner as an Ensemble Member, and, in January 2014, promoted him to be a Cruise Director. Throughout his employment with American Queen, he worked aboard the eponymous steamboat *American Queen*.

   b. In or around December 2014, Turner complained to the Head Hotel Director that the Hotel Director on the *American Queen* was continuing to sexually harass the Bar Manager, even though the Bar Manager had previously complained about this sexual harassment to American Queen and American Queen had told these employees to "try to work together." Turner also objected to the conduct of Gary Seabrook related to these sexual harassment allegations. Seabrook, who was friends with the accused harasser, was, at all relevant times, a high-level executive with management oversight. No later than March 2015, his title was Senior Vice President of Operations.

3

c. In December 2014, following the Head Hotel Director's suggestion, Turner provided American Queen with a written complaint opposing as unlawful the ongoing sexual harassment of the Bar Manager, American Queen's failure to protect the Bar Manager from sexual harassment, and its handling of the initial complaint.

d. In his written complaint, Turner criticized Seabrook's conduct as "extremely unprofessional" for alerting his friend, the accused harasser, about the Bar Manager's sexual harassment complaint before the Human Resources Director arrived onboard to investigate. Turner also asserted that Seabrook's favoritism towards the accused harasser, the Hotel Director, had worsened the situation.

e. On information and belief, in January 2015, Seabrook fired the Head Hotel Director, who had suggested that Turner submit a written complaint.

f. In February 2015, Seabrook visited the *American Queen* and confronted Turner, telling Turner how angry he was that Turner mentioned him in the written complaint and that the complaint had made him so annoyed that he had thrown it across the room. Seabrook emphasized that he had the power to fire Turner and he threatened Turner's employment.

g. Turner phoned his supervisor, the Entertainment Director, and informed him of Seabrook's retaliatory conduct. The Entertainment Director took no action to protect Turner from retaliation. Instead, in both January 2015 and February 2015, the Entertainment Director warned Turner that Seabrook was angry about his written complaint.

    h. In or before April 2015, American Queen decided to terminate Turner's employment. Soon thereafter, Turner learned that American Queen had not booked his return flight for his next rotation, and American Queen refused to explain why.

    i. On or around May 15, 2015, American Queen informed Turner, by phone, that although Turner had done "nothing wrong," he was being fired and had to leave the ship by May 16, 2015, at Seabrook's insistence.

    j. American Queen's decision to fire Turner was motivated by and in retaliation for his protected activity.

    k. Prior to his termination, Turner had only received positive performance reviews, and American Queen never documented or informed Turner of any alleged performance deficiencies.

    l. On information and belief, American Queen did not fire Turner until mid-May 2015 because it was unable to staff Turner's position until that time.

13. The effects of the practices complained of in Paragraph 12 have been to deprive Turner of equal employment opportunities and otherwise adversely affect his status as an employee because of his opposition to American Queen's discriminatory practices.

14. The unlawful employment practices complained of in Paragraph 12 were intentional and were carried out with malice and/or reckless indifference to Turner's federally protected rights.

15. The effects of the practices complained of in Paragraph 12 have been to inflict emotional pain, suffering, and inconvenience upon Turner and deprive him of the financial and other benefits of working for American Queen.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.	Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from retaliating against employees based on their opposition to any employment practice made unlawful by Title VII, including retaliation against employees for their participation in internal investigations of employment discrimination complaints.

B.	Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who engage in activities protected by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C.	Order Defendant to make Turner whole by providing appropriate back pay, lost benefits, and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D.	Order Defendant to make Turner whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 12 above, including past attorneys' fees, in amounts to be determined at trial.

E.	Order Defendant to make Turner whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 12 above, including emotional pain, suffering, inconvenience, anxiety, stress, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial.

F.	Order Defendant to pay Turner punitive damages for its malicious and reckless conduct, as described in Paragraph 12 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 13, 2017
   New York, New York

                Respectfully submitted,

                JAMES L. LEE
                Deputy General Counsel

                GWENDOLYN YOUNG REAMS
                Associate General Counsel

                U.S. EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION
                131 M Street, N.E.
                Washington, D.C. 20507

                JEFFREY BURSTEIN
                Regional Attorney

                RAECHEL ADAMS
                Supervisory Trial Attorney

                /s/ Liane T. Rice
                LIANE T. RICE (NY ID# 4781993)
                Trial Attorney

                U.S. EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION
                New York District Office
                33 Whitehall Street, 5th Floor
                New York, NY 10004-2112
                (212) 336-3690 (telephone)
                (212) 336-3623 (fax)
                liane.rice@eeoc.gov