IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

------------------------------------------------------------- X
U.S. EQUAL EMPLOYMENT OPPORTUNITY  :
COMMISSION,                                                           :     **JOINT MOTION AND**
                                                                                    :     **MEMORANDUM TO ENTER**
             Plaintiff,                                                     :     **CONSENT DECREE**
                                                                                    :
      v.                                                                        :
                                                                                    :     CIVIL ACTION NO. 2:17-cv-02669-
AMERICAN QUEEN STEAMBOAT                             :     SHL-tmp
COMPANY,                                                               :
                                                                                    :
             Defendant.                                                  :
------------------------------------------------------------- X

**JOINT MOTION AND MEMORANDUM TO ENTER CONSENT DECREE**

Plaintiff Equal Employment Opportunity Commission and Defendant American Queen Steamboat Company have reached a settlement of all remaining issues in this case. The terms of the settlement are contained in the Consent Decree submitted contemporaneously to chambers via email. The Parties respectfully move this Court to approve and enter the Consent Decree.

A consent decree has attributes of both a contract and a judicial order. *See United States v. ITT Continental Baking Co.*, 420 U.S. 223, 236 n. 10 (1975). "On the one hand, a consent decree is a voluntary settlement which could be fully effective without judicial intervention." *Williams v.. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983) (citing *United States v. City of Miami, Florida*, 664 F.2d 435, 439–40 (5th Cir. 1981)). "A consent decree, however, is also a final judicial order." *Williams*, 720 F.2d at 920. The Supreme Court has noted that it is "the parties' consent [that] animates the legal force of a consent decree." *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986).

"The criteria to be applied when a district court decides whether to approve and enter a proposed consent decree, are whether the decree is 'fair, adequate, and reasonable, as well as

1

consistent with the public interest.'"  *United States v. Lexington-Fayette Urban Cty. Gov't*, 591 F.3d 484, 489 (6th Cir. 2010) (quoting *United States v. County of Muskegon*, 298 F.3d 569, 580–81 (6th Cir. 2002)); *see also Williams*, 720 F.2d at 921 (noting that "[t]he ultimate issue the court must decide . . . is whether the decree is fair, adequate and reasonable").  The Sixth Circuit has characterized "'the standard of fairness, reasonableness and consistency with statute' as 'our court's general test for consent decrees.'" *Lexington-Fayette Urban Cty. Gov't*, 591 F.3d at 489 (citing *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1426 (6th Cir. 1991)).

Moreover, when the plaintiff is an executive branch agency responsible for enforcement of the statute that provides the legal basis for the consent decree, courts should defer to the agency's experience and expertise in handling such matters.  *See Azko Coatings of Am.*, 949 F.2d at 1436; *see also United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1019 (8th Cir. 2002); *S.E.C. v. Randolph*, 736 F.2d 525, 528–29 (9th Cir. 1984).

Based on the foregoing, the Parties request that the Court approve and enter the Consent Decree.

Respectfully submitted,

| | |
|---|---|
| s/ Liane T. Rice | s/ Pamela R. Irons (w/permission) |
| Liane T. Rice, Esq. (NY Bar No.4781993) | Craig A. Cowart (TN Bar No. 017316) |
| EEOC - New York District Office | Pamela R. Irons (TN Bar No. 023707) |
| 33 Whitehall Street, 5th Floor | JACKSON LEWIS P.C. |
| New York, NY 10004-2112 | 999 Shady Grove Road, Suite 110 |
| Telephone: (212) 336-3690 | Memphis, TN 38120 |
| Facsimile: (212) 336-3623 | Telephone: (901) 462-2600 |
| Email: liane.rice@eeoc.gov | Facsimile: (901) 462-2626 |
| | Email: craig.cowart@jacksonlewis.com |
| ATTORNEY FOR PLAINTIFF | pamela.irons@jacksonlewis.com |
| | |
| | ATTORNEYS FOR DEFENDANT |

## CERTIFICATE OF SERVICE

  I hereby certify that on December 12, 2017, I electronically filed the foregoing motion and memorandum of law with the Clerk of the Court using the CM/ECF system, which then electronically notified all those registered as CM/ECF participants in this case, including:

  Craig A. Cowart (TN Bar No. 017316)
  Pamela R. Irons (TN Bar No. 023707)
  JACKSON LEWIS P.C.
  999 Shady Grove Road, Suite 110
  Memphis, TN 38120
  Telephone: (901) 462-2600
  Facsimile: (901) 462-2626
  Email: craig.cowart@jacksonlewis.com
     pamela.irons@jacksonlewis.com
  *Counsel for Defendant*

            s/ Liane T. Rice
            LIANE T. RICE (NY Bar No. 4781993)
            Trial Attorney

            New York District Office
            33 Whitehall Street, 5th Floor
            New York, NY 10004-2112
            (212) 336-3690 (telephone)
            (212) 336-3623 (fax)
            liane.rice@eeoc.gov