IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 17-02669-SHL-tmp |
| AMERICAN QUEEN STEAMBOAT COMPANY, | ) ) ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION TO ENTER CONSENT DECREE**

Before the Court is the parties' Joint Motion to Enter Consent Decree (ECF No. 18) and the Consent Decree submitted contemporaneously to chambers via email. On September 13, 2017, Plaintiff United States Equal Employment Opportunity Commission ("EEOC") brought this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-1 et seq., against Defendant American Queen Steamboat Company ("American Queen"), to correct unlawful employment practices on the basis of retaliation for protected activity under Title VII, and to provide appropriate relief to Carson Turner ("Turner") who was affected by such unlawful practices (the "Litigation"). EEOC alleges that American Queen retaliated against Turner for his participation in a sexual harassment investigation. American Queen denies that Turner's alleged protected activity played any part in any employment decision concerning Turner.

The Court has reviewed the proposed consent decree to ensure that it is "fair, adequate, and reasonable, as well as consistent with the public interest." United States v. Lextington-Fayette Urban Cty. Gov't, 591 F.3d 484, 489 (6th Cir. 2010) (internal quotation marks omitted).

The Court finds that it is. The Court will "retain jurisdiction over the decree during the term of its existence," but because a consent decree is "also a final judicial order," see Williams v. Vulkovich, 720 F.2d 909, 920 (6th Cir. 1983), the Court will enter a judgment dismissing this case with prejudice within seven days of the entry of this Order, unless the parties can show cause why the present action should not be dismissed in light of the settlement.

In consideration of the mutual promises of each Party to this Consent Decree (the "Decree"), the sufficiency of which is hereby acknowledged, it is agreed and **IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**PART I.       GENERAL PROVISIONS**

**Section 101.   Purpose Of This Decree**

A.      The EEOC and American Queen (collectively, the "Parties") desire to settle this action, and therefore do hereby stipulate and consent to entry of this Decree as final and binding between the parties, including American Queen's successors, assigns, subsidiaries, and any other entity with which American Queen may merge or consolidate.

B.      This Decree resolves all claims asserted in EEOC's Complaint in this action and the underlying EEOC Charge No. 520-2015-02539, which served as the jurisdictional prerequisite in this case. This Decree in no way affects EEOC's right to process any pending or future charges that may have been or will be filed against American Queen, or to commence civil actions on any such charges.

C.      EEOC and American Queen agree that this Court has jurisdiction over the subject matter of this litigation and the Parties, that venue is proper, and that all administrative prerequisites have been met. No Party will contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms.

D. The terms of this Decree represent the full and complete agreement of the Parties. The Parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court.

**Section 102.  Definitions**

**Effective Date.**  The "Effective Date" is the date this Decree is docketed by the clerk of court after it is signed by and/or so ordered by the Court.

**Section 103.  Applicability Of This Decree To Successors And Assigns Or Upon Purchase, Merger, Or Consolidation**

A. The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors and assigns of American Queen.

B. Before American Queen engages in any transfer of its business or its assets, it shall provide written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchaser of its business or assets, and to any potential successors, assigns, or affiliates, including any entity with which Defendant may merge or consolidate.  Defendant will provide written notice to EEOC twenty-one business days before any sale or transfer of its business or assets.

**Section 104.  Amendments To This Decree**

By mutual consent of the Parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing, approved by all Parties to this Decree, and approved or ordered by the Court.

**Section 105.  Severability**

If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will

apply to ensure that this Decree continues to effectuate the intent of the Parties.  The provisions of this Decree which are not rendered unlawful, unenforceable or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the Parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

**Section 106.   Breach of Decree**

A breach of any term of this Decree by American Queen will be deemed a material and substantive breach of this Decree.  Nothing in this Decree will be construed to preclude EEOC from bringing proceedings to enforce this Decree if American Queen fails to perform any of the terms contained herein. This Decree will be construed by this Court under applicable federal law.

If American Queen fails to comply with the terms of this Decree, EEOC has a right to enforce the obligations under this Decree.  EEOC will provide 10 days' notice to American Queen of any deficiency in complying with the terms of this Decree.  If the parties are unable to reach agreement regarding resolution of any such deficiency in American Queen's compliance with the terms of this Decree, EEOC will then have the option of petitioning the Court for relief.  Nevertheless, EEOC may intervene without providing a 10-day notice if there is imminent threat.

**Section 107.   Notices**

Except as otherwise provided for in this Decree, all notifications, reports and communications to the Parties required under this Decree will be made in writing and will be sufficient as emailed, hand-delivered, faxed or sent by certified, registered or overnight mail to the following persons (or their designated successors):

    **For EEOC:**    Liane Tai Rice
    Trial Attorney
    Equal Employment Opportunity Commission
    33 Whitehall St., 5th Floor

        New York, NY  10004
        Tel: (212) 336-3690
        Fax: (212) 336-3623
        Email: liane.rice@eeoc.gov

        and to "Consent Decree Monitor" at
        decreemonitor.nydo@eeoc.gov

**For Defendant:**    Craig A. Cowart
        Pamela R. Irons
        Attorneys for Defendant
        Jackson Lewis
        999 Shady Grove Road
        Suite 110
        Memphis, TN 38120
        Tel: (901) 462-2604
        Fax: (901) 462-2626
        E-mail: craig.cowart@jacksonlewis.com
              pamela.irons@jacksonlewis.com

Any Party may change such addresses by written notice to the other Parties setting forth a new address for this purpose.

**PART II.    INJUNCTIVE RELIEF**

**Section 201.   Injunctions**

      American Queen, its managers, officers, agents and any other person or entity acting on its behalf, are hereby enjoined from engaging in retaliation of any kind against any employee because he or she opposed any practice prohibited by Title VII, filed a charge of discrimination under Title VII, testified or participated in any manner in any investigation, proceeding or hearing under Title VII, asserted any rights under Title VII, or because such employee was identified as a possible witness in connection with this matter.

**Section 202.   Training**

    A.    Within ninety (90) days of the Effective Date, American Queen will provide no fewer than one-and-a-half to two (1.5-2) hours of online training on the statutes enforced by

EEOC, with a focus on anti-retaliation provisions, to employees in the human resources department and to managers who have the authority to discharge employees. However, if employees in the human resources department or managers with authority to discharge employees have taken the online training within the six (6)-month period prior to the Effective Date, they will not be required to retake the online training within ninety (90) days of the Effective Date. American Queen will provide such training for new employees hired or promoted into these positions within thirty (30) days of hire or promotion. Within ninety (90) days of the Effective Date and no less than once per year, the online training will be supplemented by live training provided by a member of Corporate HR (Christina Hobbs, HMSGM Director of Human Resources, or Tess Townsend, AQSC Employee Relations Manager), and In House Counsel Staff (Eric Denley, Chief Legal Counsel, or Justin Walker, Associate General Counsel). Each training program will include the following: (a) a detailed agenda with training materials, (b) curriculum vitae for the individual(s) who will conduct the training, and (c) a plan to ensure that all employees receive the required training.

      B.      Within three (3) months of the Effective Date, American Queen will provide the EEOC with records of the date and place of the training program(s) required by Section 202, including a list of all attendees. American Queen will provide the EEOC with records of any additional trainings required by Section 202 within three (3) months of their occurrence.

**Section 203.   Compliance Monitoring**

EEOC may monitor American Queen's compliance with this Decree through the inspection of American Queen's premises and records, and interviews with American Queen's officers, agents, employees and contractors, at reasonable times. American Queen will make available for inspection and copying any records related to this Decree upon request by EEOC.

**Section 204.    Compliance with Record-keeping Requirements**

American Queen agrees to maintain such records as are necessary to demonstrate its compliance with this Decree and 29 C.F.R. §1602 et seq., and to verify that the records submitted pursuant to this Decree are accurate.

**PART III.    MONETARY RELIEF**

**Section 301.    Monetary Payment to Claimant**

A.    Within ten (10) business days of the Effective Date, American Queen will pay the total gross sum of fifty thousand dollars ($50,000.00) to Turner (the "Payments").

B.    Eighteen thousand and three hundred dollars ($18,300.00) of the Payments is designated as compensatory damages. American Queen will send a check for this amount return receipt requested, to Turner at the address that will be provided by EEOC within ten (10) business days of the Effective Date. In compliance with the IRS rules, American Queen will send an IRS FORM 1099 to Turner at the address provided by EEOC.

C.    Thirty-one thousand and seven hundred dollars ($31,700.00) of the Payments is designated as back wages. Defendant will send a check for this amount via certified mail, return receipt requested, to Turner at the address provided by EEOC. American Queen will make all required withholdings from the portions of the Payments representing back wages for applicable federal, state, and local income taxes and the employee share of federal payroll taxes. In compliance with the IRS rules, American Queen will send an IRS FORM W-2 to Turner at the address provided by EEOC. American Queen will be responsible for (and may not deduct from the Payments to Turner) any tax obligation American Queen incurs as a result of these payments, including the employer's share of federal payroll taxes. American Queen will also issue to Turner a statement identifying the nature and amount of all withholdings.

  D.  American Queen shall forward to EEOC copies of the Payments checks and IRS forms at the time they are issued to Turner.

  E.  Turner will be responsible for any taxes owed by him.  American Queen will be responsible for any taxes owed by it.

**PART IV. MISCELLANEOUS PROVISIONS**

**Section 401. Signatures**

  Each signatory to this Decree represents that (s)he is fully authorized to execute this Decree and to bind the Parties on whose behalf (s)he signs.

**Section 402. Expenses, Attorneys' Fees, and Costs**

  Each Party shall bear its own expenses, attorneys' fees, and costs.

**PART V. DURATION OF DECREE**

**Section 501. Duration and Jurisdiction**

  A.  This Decree will remain in effect for two (2) years from the Effective Date, provided, however, that the Decree will not expire against any Party while any enforcement action is pending against that Party.

  B.  If EEOC has notified American Queen in writing not less than fifteen business days in advance of the expiration of this Decree that American Queen is not in compliance with any sections of this Decree, American Queen's obligations under this Decree will remain in effect until EEOC determines that American Queen is in compliance, and the Court will retain jurisdiction of this matter to enforce the Decree.

  C.  The Court will retain jurisdiction over this action for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein.  Upon signature and approval by the Court, the matter will

be dismissed with prejudice.  If the matter is to be re-opened for the purposes of the enforcement of this Consent Decree, the filing fee shall be waived.

    **IT IS SO ORDERED**, this 15th day of December, 2017.

                                              s/ Sheryl H. Lipman
                                              SHERYL H. LIPMAN
                                              UNITED STATES DISTRICT JUDGE